SARA M. THORPE (SBN: 146529)
sthorpe@nicolaidesllp.com
ETHAN H. SEIBERT (SBN: 232262)
eseibert@nicolaidesllp.clm
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
626 Wilshire Blvd., Suite 1000
Los Angeles, CA 90017
Telephone:   (213) 402-1245
Facsimile:    (213) 402-1246

Attorneys for Plaintiff
THE CONTINENTAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTHROP GRUMMAN CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF (CONTROL OF DEFENSE)** |

Plaintiff The Continental Insurance Company ("Continental") alleges as follows:

## NATURE OF THE CLAIM

1. Continental agreed to defend its insured against a bodily injury lawsuit and, in doing so, has the right to control the defense including retaining defense counsel of Continental's choosing. The insured has refused to permit Continental to retain defense counsel to handle defense

of the lawsuit. Therefore, Continental seeks an order from this Court confirming Continental's right to control the defense.

## PARTIES

2. Plaintiff The Continental Insurance Company is a Pennsylvania corporation with its principal place of business in Chicago, Illinois.

3. Defendant Northrop Grumman Corporation, as successor-in-interest to Northrop Corporation ("Northrop"), is a Delaware corporation with its principal place of business in Virginia, which conducts business in California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue in the Court is proper, pursuant to 28 U.S.C. § 1391(b), because this is the judicial district where the underlying lawsuit filed against Northrop was filed, and where a substantial part of the events giving rise to this dispute have taken or are taking place.

6. Pursuant to 28 U.S.C. § 2201(a) and Federal Rules of Procedure 57, this Court has the authority to adjudicate the matters at issue and enter its judgment declaring the rights of all parties to this action.

## FACTUAL BACKGROUND

**Continental Policies**

7. Continental issued four primary policies to Northrop Corporation (the "Policies").

- Continental policy no. SRL 3634862, in effect from September 1, 1980 to September 1, 1981;

/ / /

COMPLAINT FOR DECLARATORY RELIEF
2

- Continental policy no. SRL 3634932, in effect from September 1, 1981 to September 1, 1982;
- Continental policy no. SRL 3634976, in effect from September 1, 1982 to September 1, 1983; and
- Continental policy no. SRL 3635295, in effect from September 1, 1983 to September 1, 1984.

8. The four Continental Policies all contain the same policy language, as is relevant here.

9. The Policies provide that Continental:

> will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>     A. bodily injury or
>     B. property damage
> to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, . . .

10. The Policies define bodily injury as "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom."

11. The Policies do not contain any asbestos exclusion.

12. The Policies provide, in relevant part, the following Condition regarding "The Insured's Duties in the Event of Occurrence, Claim or Suit":

> (b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

/ / /

      (c) The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of the suits …, and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation, or incur any expense other than for first aid to others at the time of the accident.

13. Carolyn Wassinger ("Wassinger") filed a lawsuit, *Carolyn Wassinger, et al. v. Air & Liquid Systems Corporation, et al.*, Los Angeles County Superior Court, Case No. 19STCV10781), attached here as Exhibit A ("Wassinger Lawsuit"). One of the defendants in the Wassinger Lawsuit is "Northrop Grumman Corporation."

14. Wassinger alleges her exposure to asbestos and asbestos-containing products caused severe and permanent injury. She alleges injury to her lungs, cancer, physical pain, mental and emotional distress, disfigurement, and impairment.

15. Wassinger alleges she has incurred and will continue to incur costs for physicians, surgeons, nurses, hospital care, medicine, hospice care, X-rays, and other medical treatment.

16. Northrop tendered the Wassinger Lawsuit to Continental on June 5, 2019.

17. On June 13, 2019, Continental accepted defense of Northrop under the Continental Policies and informed Northrop that Continental would like to retain defense counsel of its choosing.

18. On July 11, 2019, Continental reiterated its request to control the defense and retain defense counsel of its choosing.

19. Northrop has refused to allow Continental to retain defense counsel to defend the Wassinger Lawsuit.

///

## FIRST CAUSE OF ACTION

### (Declaratory Relief – Right to Control Defense)

20. Continental re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 19 of this Complaint as though fully set forth here.

21. The Policies provide that Continental has the right and duty to defend any suit against the insured seeking damages on account of bodily injury to which the Policies apply.

22. The Policies also provide that Northrop has a duty to cooperate with Continental.

23. The Wassinger Lawsuit is a suit against Northrop seeking damages on account of bodily injury.

24. As part of the right and duty to defend the Wassinger Lawsuit, Continental has the right to select defense counsel.

25. As part of Northrop's duty to cooperate with Continental, Northrop must allow Continental to retain defense counsel to defend Northrop in the lawsuit.

26. Upon information and belief, Northrop disagrees with Continental's position and contends that Continental does not have the right to control defense, including selecting defense counsel.

27. An actual controversy exists between Continental and Northrop regarding these parties' respective rights, duties, and obligations (if any) under the Continental policies and applicable law.

28. Continental seeks an order that Continental has the right to control the defense of the Wassinger Lawsuit, including retention of Continental's choice of defense counsel.

Wherefore, Continental prays for the relief set forth below.

/ / /

# **PRAYER FOR RELIEF**

WHEREFORE, Continental prays for entry of judgment and relief as follows:

1. For a judicial declaration and order that Continental has the right to control the defense of the Wassinger Lawsuit, including retention of Continental's choice of defense counsel;

2. For costs of suit; and

3. For such other relief as this Court deems just and proper.

Dated: August 6, 2019

NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP

By: */s/ Sara M. Thorpe*
Sara M. Thorpe
Ethan H. Seibert
Attorneys for Plaintiff
The Continental Insurance Company